PAUL A. WRIGHT *vs.* COMMONWEALTH. June 14, 1972. This petition for a writ of error was heard in the county court. The single justice affirmed the judgment and filed a memorandum. The case is before us on Wright's exception to the rulings and order of the single justice. After a jury waived trial before an experienced judge of the Superior Court on February 7, 1968, Wright was found guilty of assault with intent to rape and sentenced to a term of not more than fifteen years and not less than twelve years. No exceptions were saved at the original trial. Wright now claims that at the trial in the Superior Court he was denied the "effective assistance of counsel . . . on the ground that his counsel failed to object and except to [certain identification] testimony by the alleged victim . . . and after his trial . . . that his counsel . . . failed to prosecute a direct appeal . . . to the Supreme Judicial Court." Wright testified before the single justice and the transcript of the original trial was introduced in evidence. We discern no point in summarizing the testimony contained in the trial transcript. It is sufficent to state that we agree with the single justice who ruled that the "testimony warranted the finding of guilty by the judge who heard and saw the witnesses . . . [and that he perceived] nothing in the record . . .

which indicates that defence counsel before, at, or after trial was not competent, diligent, and acting properly or that his trial tactics were not reasonable in the circumstances." The single justice concluded that "Wright was not denied effective assistance of counsel." There was no error.

*Exceptions overruled.*

The case was submitted on briefs.

*Robert V. Greco & Reuben Goodman* for the petitioner.

*Robert H. Quinn,* Attorney General, *David A. Mills & Mark I. Berson,* Assistant Attorneys General, for the Commonwealth.

